IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PHILIP MATEEGA, | Case No. 2:21-cv-02192-JDW |
| *Plaintiff,* | |
| v. | |
| OFFICE OF FEDERAL CONTRACT COMPLIANCE PROGRAMS, | |
| *Defendant.* | |

## MEMORANDUM

More than a decade ago, Philip Mateega worked as a security contractor in Iraq. Although he worked for an American company, he is a Ugandan citizen, and he was hired overseas.  He now wants to assert a claim against his former employer before the Department of Labor's Office of Federal Contract Compliance Programs. But OFCCP won't consider his claim because it is untimely, so he has sued OFCCP in this Court. Upon an initial screen, the Court determines that Mr. Mateega's claims against OFCCP and his former employer are not plausible, for several reasons. The Court will therefore dismiss Mr. Mateega's claims with prejudice.

## I.     BACKGROUND

### A.     Facts

From 2008-2009, Triple Canopy employed Mr. Mateega as a security guard in Iraq under a U.S. Army Intelligence Security Command contract. Eleven years after Mr. Mateega stopped working for Triple Canopy, he learned that the U.S. Department of Labor forbids government contractors from discriminating on the

basis of national origin pursuant to Executive Order 11246. *See* Exec. Order No. 11246, 30 Fed. Reg. 12319 (1965) (the "Executive Order"). Mr. Mateega alleges that Triple Canopy discriminated against him on the basis of national origin because he was paid less than similarly situated American citizens.

### B.   Procedural History

After Mr. Mateega learned about the Executive Order, he filed a complaint with OFCCP. OFCCP determined that Mr. Mateega's complaint was untimely because he filed it more than 180 days after the alleged discrimination. *See* 41 C.F.R. § 60–1.21. However, Mr. Mateega argued that he had good cause for filing an untimely complaint because he had only recently learned about the Executive Order's prohibition on discrimination. OFCCP nonetheless declined to investigate Mr. Mateega's complaint, finding that he lacked good cause for missing the 180-day filing deadline. Mr. Mateega asked OFCCP to reconsider its decision, but OFCCP declined. In denying Mr. Mateega's reconsideration request, OFCCP explained that even if Mr. Mateega had filed a timely complaint, OFCCP would have lacked jurisdiction to investigate because workers hired outside of the United States for work performed outside of the United States are exempt from Executive Order's nondiscrimination protections.

Mr. Mateega filed his Complaint in this Court on May 14, 2021, and the Court granted him permission to proceed *in forma pauperis*. Mr. Mateega does not name a Defendant, but it appears he intends to assert a claim against OFCCP.  OFCCP is the only party he mentions. He cites to the Administrative Procedures Act and

contends that pursuant to the APA, "this Honorable Court has the power to invalidate the denial of the 'OFCCP' Director because said decision to deny was not in accordance with law, and unwarranted by the facts presented." (ECF No. 3 at 2). Thus, the Court construes his Complaint as asserting a claim against OFCCP for violation of the APA. However, if the Court does not allow Mr. Mateega to proceed in a suit against OFCCP, Mr. Mateega urges the Court to address his underlying complaint of discrimination against Triple Canopy.

## II.    LEGAL STANDARD

Mr. Mateega is proceeding *in forma pauperis*, so 28 U.S.C. § 1915(e)(2)(B) requires the Court to dismiss the Complaint if, among other things, it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). Under that standard, the Court must determine whether the Complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Conclusory allegations do not suffice. *See id.* Because Mr. Mateega is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

### III.    ANALYSIS

#### A.    The Executive Order

The Executive Order does not provide a basis for Mr. Mateega to assert his claims. First, the Executive Order does not create a private right of action, so Mr. Mateega cannot pursue a claim under it. *See Utley v. Varian Assoc.*, 811 F.2d 1279, 1286 (9th Cir. 1987); *Eatmon v. Bristol Steel & Iron Works*, 769 F.2d 1503, 1515 (11th Cir. 1985); *Drough v. FMC Corp.*, 74 F.R.D. 639, 644 (E.D.Pa. 1977). Second, the Executive Order "does not provide for judicial review of agency decisions", including OFCCP's decision not to pursue a complaint of discrimination, so Mr. Mateega cannot "appeal" OFCCP's decision. *Carroll v. Office of Federal Contract Compliance Programs*, 235 F. Supp. 3d 79, 83 (D.D.C. 2017).

#### B.    The APA

Under the APA, "[a] person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof." 5 U.S.C. § 702. Mr. Mateega cannot assert an APA claim against OFCCP because OFCCP did not have jurisdiction to investigate Mr. Mateega's complaint in the first instance. Government contractors who hire employees outside of the United States for work performed outside the United States are exempt from the non-discrimination requirements of Executive Order. *See* 41 C.F.R. § 60–1.10; 41 C.F.R. §60–1.5(a)(3). Because Triple Canopy did not hire Mr. Mateega in the United States, and he performed his work in Iraq, the Executive Order does not apply to his employment. In turn, it could not have been

4

unlawful for OFCCP to decline to investigate his complaint. Thus, Mr. Mateega cannot establish that he suffered a legal wrong when OFCCP declined to investigate his complaint, whether that complaint was timely or not.

### C.   Title VII

Although Mr. Mateega urges the Court to take up his underlying discrimination claim against Triple Canopy, the Court cannot do so. First, he has not filed a Complaint against Triple Canopy. His Complaint focuses on OFCCP's denial of his request to proceed more than 180 days after the discriminatory conduct. He filed in this Court because the OFCCP office with which he corresponded is in this District. His "Overview" of the Complaint explains that it is "[r]eviewing of the Decision Regarding Timeliness of Complaint." (ECF No. 15-1 at 1.) At the same time, the Complaint says nothing about his work with Triple Canopy. Because Mr. Mateega has not asserted a claim against Triple Canopy, the Court cannot determine if such a claim belongs in this Court, let alone address the merits of Mr. Mateega's grievances with that company.

Even if the Court considered the merits, it could not permit Mr. Mateega to proceed against Triple Canopy. Because Mr. Mateega alleges employment discrimination by a U.S. employer based on national origin, the Court will construe his Complaint to assert a claim under Title VII of the Civil Rights Act of 1964, which prohibits such conduct in the workplace. However, such a claim would not be plausible. Title VII does not apply to employees who work outside the United States and are not United States citizens. *See* 42 U.S.C. § 2000e(f) ("With respect to

employment in a foreign country, [employee] includes an individual who is a citizen of the United States."); 42 U.S.C. § 2000e-1 ("This subchapter shall not apply to an employer with respect to the employment of aliens outside any State[.]"); *Kraiem v. JonesTrading Institutional Servs. LLC*, 492 F. Supp. 3d 184, 194 (S.D.N.Y. 2020) ("Congress did not extend the protections of Title VII to non-citizens employed outside of the United States."). Thus, Mr. Mateega, a non-U.S. citizen who worked outside the United States cannot rely on Title VII to assert his claims against Triple Canopy.

## IV.    CONCLUSION

Mr. Mateega's claims are not plausible, and he cannot cure them. Therefore, the Court will dismiss Mr. Mateega's complaint with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). An appropriate Order follows.

**BY THE COURT:**

*/s/ Joshua D. Wolson*
**JOSHUA D. WOLSON, J.**

Date: July 30, 2021